IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD T. WILLIAMSON, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-1047 |
| | ) | |
| v. | ) | District Judge Lancaster |
| | ) | Magistrate Judge Caiazza |
| COMMONWEALTH OF PENNSYLVANIA, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Leonard T. Williamson, Sr., be dismissed because he has failed to exhaust the available state court remedies.

### II. REPORT

The Petitioner, Leonard T. Williamson, Sr. ("Williamson" or "the Petitioner"), is a state prisoner incarcerated at the Allegheny County Jail. In this federal habeas action he alleges that he has completed a sentence imposed by the Court of Common Pleas of Allegheny County, Pennsylvania, and that he has been incarcerated on a detainer since May 30, 2007 -awaiting a probation revocation hearing which has yet to be scheduled in Westmoreland County, Pennsylvania.

Williamson claims that he has attempted to make officials at the Allegheny County Jail aware of the circumstances surrounding his detention through the inmate grievance process. He does not state, however, that he has commenced any state action compelling

Westmoreland County to act on the detainer which is currently lodged against him.

A district court can dismiss a habeas corpus petition if it appears on its face that the petitioner is not entitled to relief. <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); <u>Castille v. Peoples</u>, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." <u>Landano v. Rafferty</u>, 897 F.2d 661, 669 (1990).

Here, Williamson argues that he has not been provided with a timely probation revocation hearing. Under Pennsylvania law, a proceeding in mandamus is available to compel a probation revocation hearing or to correct a mistake in the application of the law. <u>Bronson v. Pennsylvania Board of Probation and Parole</u>, 421 A.2d 1021, 1023 (Pa. 1980), <u>cert. denied</u>, 450 U.S. 1050 (1981); <u>Sanders v. Com., Pennsylvania Bd. of Probation and Parole</u>, 651 A.2d 663 (Pa. Cmwlth., 1994). Williamson has not

availed himself of this state court remedy nor has he filed a state habeas corpus action -another action available to him under state law.

### III. CONCLUSION

It is respectfully recommended that the Petition for Habeas Corpus filed by Leonard T. Williamson, Sr. be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by August 17, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: August 1, 2007

cc:
LEONARD T. WILLIAMSON, SR.
#13951
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219